## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT MICHIGAN

| | | |
|---|---|---|
| NUCORP, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Case No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS NEWINGTON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### COMPLAINT FOR COPYRIGHT INFRINGEMENT
### AND DEMAND FOR JURY TRIAL

Plaintiff, Nucorp, Ltd. ("Plaintiff"), for its complaint against Thomas Newington ("Defendant"), alleges as follows:

### Introduction

1.     This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

2.     Defendant is a persistent online infringer of Plaintiff's copyrights.  Indeed, Defendant's Internet service was used to illegally distribute each of the copyrighted movies set forth on Exhibit "A."

3.     Plaintiff is the registered owner of the copyrights set forth on Exhibit "A" (the "Copyrights-in-Suit.")

### Jurisdiction And Venue

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

1

5.      The Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore this Court has personal jurisdiction over the Defendant because (a) Defendant committed the tortious conduct alleged in this Complaint in this State, and (i) Defendant resides in this State and/or (ii) Defendant has engaged in substantial and not isolated business activity in this State.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) the Defendant resides (and therefore can be found) in this District and resides in this State; additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because each Defendant or Defendant's agent resides or may be found in this District.

### Parties

7.      Plaintiff, Nucorp, Ltd., is a foreign corporation organized and existing under the laws of Dominica and has its principal place of business located at 8 Copthall, Roseau Valley, Dominica, 00152.

8.      Defendant, Thomas Newington, is an individual who is a resident of the state of Michigan.  As set forth on Exhibit A, Defendant's IP address is 69.14.42.22.

9.       Defendant's Internet Service Provider, set forth on Exhibit A, can identify the Defendant.

### Factual Background

I.      *Defendant Used BitTorrent To Infringe Plaintiff's Copyrights*

10.      BitTorrent is one of the most common peer-to-peer file sharing protocols used for

distributing large amounts of data.

11.     The BitTorrent protocol's popularity stems from its ability to distribute a large file without creating a heavy load on the source computer and network.  In short, to reduce the load on the source computer, rather than downloading a file from a single source computer (one computer directly connected to another), the BitTorrent protocol allows users to join a "swarm" of host computers to download and upload from each other simultaneously (one computer connected to numerous computers).

12.     Each of the peers in a BitTorrent swarm distributes pieces of the file to each other.

13.     After a peer receives all of the pieces of a file, the peer's BitTorrent software program reassembles the pieces so that the file may be opened and used or played.

14.     Each piece of BitTorrent file is assigned a unique cryptographic hash value.

15.     The cryptographic hash value acts as a unique digital fingerprint to ensure a piece of the data belongs in a particular BitTorrent file.

16.     Plaintiff's investigator, IPP Limited, established a direct TCP/IP connection with the IP address set forth on Exhibit A on each of the hit dates set forth on Exhibits A and B.  See Declaration of Tobias Fieser, attached hereto as Exhibit C.

17.     Each of the pieces of data received by IPP Limited, as set forth on Exhibit A, contains a unique cryptographic hash value.

18.     Cryptographic hash values act as digital fingerprints to ensure that data belongs to a particular BitTorrent file.

19.     Each of the cryptographic hash values set forth on a row of Exhibit A correlates to that certain copyrighted movie owned by Plaintiff identified on that row of Exhibit A, and the Copyright Registration Number on that row.

3

20.    Each of the pieces of data distributed by Defendant to IPP Limited as set forth on Exhibit A is part of a computer file containing a copy of a movie covered by a Copyright-In-Suit which is identical (or alternatively, strikingly similar or substantially similar) to the movie covered by the Copyright-In-Suit.  Indeed, the infringement was verified by viewing the copy of the movie contained in the computer file associated with the cryptographic hash value to the movie that was registered.

21.    For each Copyright-in-Suit, the most recent date and time (the "hit date"), (in undersigned's possession when this Complaint was drafted), on which IPP recorded Defendant's IP Address being used to distribute to IPP Limited a piece of a computer file containing the infringing movie is set forth on Exhibit A.

22.    A chart correlating hit dates to titles and registration numbers is set forth on Exhibit B.  As recorded by IPP Limited, Exhibit B sets forth all of the hit dates (in undersigned's possession when this Complaint was drafted) associated with all of Defendant's infringing distributions of pieces of computer files containing copies of the movies covered by the Copyrights-In-Suit.

23.    As the subscriber of the Internet service being used to distribute Plaintiff's copyrighted movies, Defendant is the most likely infringer.  Consequently, Plaintiff hereby alleges Defendant is the infringer.

24.    Defendant is the only person who can be identified as the infringer at this time.

**Miscellaneous**

25.    All conditions precedent to bringing this action have occurred or been waived.

26.    Plaintiff has retained counsel and is obligated to pay said counsel a reasonable fee for its services.

## COUNT I
### Direct Infringement Against Defendant

27.     The allegations contained in paragraphs 1-26 are hereby re-alleged as if fully set forth herein.

28.     Plaintiff is the owner of the Copyrights-in-Suit, each of which covers an original work of authorship.

29.     By using the BitTorrent protocol, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit.

30.     Plaintiff did not authorize, permit or consent to Defendant's copying of its works.

31.     As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:

(A)     Reproduce the works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B)     Redistribute copies of the works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C)      Perform the copyrighted works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the works' images in any sequence and/or by making the sounds accompanying the works audible and transmitting said performance of the works, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and

(D)      Display the copyrighted works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the works nonsequentially and transmitting said display of the works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

32.     Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

5

33.     Plaintiff has suffered actual damages that were proximately caused by Defendant including lost sales, price erosion and a diminution of the value of its copyright.

WHEREFORE, Plaintiff respectfully requests that the Court:

(A)     Permanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted works;

(B)     Order that Defendant delete and permanently remove the torrent files relating to Plaintiff's works from each of the computers under Defendant's possession, custody or control;

(C)     Order that Defendant delete and permanently remove the infringing copies of the works Defendant has on computers under Defendant's possession, custody or control;

(D)     Award Plaintiff the greater of: (a) Plaintiff's actual damages and any additional profits of the Defendant pursuant to 17 U.S.C. § 504-(a)-(b); or (b) statutory damages in the amount of $150,000 per infringed Work pursuant to 17 U.S.C. § 504-(a) and (c);

(E)     Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(F)     Grant Plaintiff any other and further relief this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

NICOLETTI & ASSOCIATES, PLLC

By: /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel:  (248) 203-7800
Fax:  (248) 203-7801
E-Fax: (248) 928-7051
Email:  paul@nicoletti-associates.com
*Attorneys for Plaintiff*

<u>**CERTIFICATE OF COMPLIANCE**</u>

Pursuant to MI R USDCTED LR 5.1(a) I hereby certify that the PLAINTIFF'S COMPLAINT has been prepared using one of the font and point selections approved by the Court in MI R USDCTED LR 5.1(a)(3).  This document was prepared using Times New Roman (12 pt.).

This __ day of August, 2012

By:   */s/ Paul J. Nicoletti* _____
      Paul J. Nicoletti